FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK BROTHERTON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:17-cv-00098-SAB<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

A bench trial was held on April 8-12, 2019, in Spokane, Washington. Plaintiff was represented J. Gregory Casey and Marshall W. Casey. The United States was represented by Rudolf J. Vershoor, Timothy M. Durkin, and Joseph P. Derrig. At the conclusion of the trial, the Court orally ruled from the bench in favor of Defendant. The following are the Findings of Fact and Conclusions of Law, pursuant to Fed. R. Civ. P. 52(a).

## Introduction

Plaintiff, Patrick Botherton, served the United States with honor over twenty-five years ago. While serving in the Navy, he fractured his right ankle, which required an ankle fusion. The ankle did not properly heal and continued to give Plaintiff problems. In 2013, Plaintiff sought treatment for the malunion right ankle fusion. Surgery was performed in January 2014 by Dr. Craig Burrow, a non-VA surgeon. Dr. Burrow performed the surgery, complications followed, and

**FINDINGS OF FACT AND CONCLUSIONS OF LAW~** 1

ultimately Plaintiff's lower left leg was amputated.

Plaintiff filed this action against Defendant, the United States of America, on March 15, 2017, asserting negligence on the part of employees of the Mann-Grandstaff VA Medical Center. After summary judgment was granted on his failure to obtain informed consent claim, ECF No. 54, the remaining claim was whether his primary care physician at the VA, Dr. Daniel Sim, breached his duty of care in failing to act to prevent the corrective ankle surgery.

The facts are largely undisputed and are set forth in Judge Quackenbush's Order Re: Defendant's Motion for Summary Judgment, ECF No. 54, and the Court will not revisit those facts. The facts as summarized by Judge Quackenbush in his Order addressing Defendant's Motion for Summary Judgment, ECF No. 54, are adopted by this Court and incorporated herein. What was at issue at trial was defining the standard of care that was expected of Dr. Sims, whether it was breached and causation.

**Findings of Fact and Conclusions of Law**

Under Washington law, a negligence claim requires a showing of duty, breach, causation, and damages. *Ranger Ins. Co. v. Pierce Cnty.*, 164 Wash. 2d 545, 552 (2008). "The concept of duty is a reflection of all those considerations of public policy which lead the law to conclude that a plaintiff's interests are entitled to legal protection against the defendant's conduct." *Volk v. DeMeerleer*, 187 Wash. 2d 241, 266 (2016) (quotation omitted). "The existence of a legal duty is a question of law and 'depends on mixed considerations of logic, common sense, justice, policy, and precedent.'" *Christensen v. Royal Sch. Dist.*, 156 Wash. 2d 62, 67 (2005) (quoting *Snyder v. Med. Serv. Corp. of Eastern Washington*, 145 Wash. 2d 233, 243 (2001)).

In a medical malpractice case, a plaintiff must show "[t]he health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to

**FINDINGS OF FACT AND CONCLUSIONS OF LAW~ 2**

which he or she belongs, in the state of Washington, acting in the same or similar circumstances." RCW 7.70.040(1); *Reyes v. Yakima Health Dist.*, 191 Wash. 2d 79, 86 (2018). The applicable standard of care in medical malpractice actions must generally be established through expert testimony. *Id.*

Plaintiff argues a reasonably prudent primary care physician, such as Dr. Sim, would have done one or more of the following: (1) told Plaintiff not to go forward with the surgery because his diabetic condition was not controlled, which created an unreasonable risk of infection and other complications; (2) contacted Dr. Barrow with the same warning; and/or (3) de-authorized the VA's referral to Dr. Barrow. Plaintiff argues that in failing to do so, Dr. Sim violated the standard of care required of primary care physicians. It is undisputed that Dr. Sim did not take any of these actions.

In failing to perform these tasks, Dr. Sim did not violate the degree of care, skill, or learning expected of a reasonably prudent primary care physician. Dr. Sim was not trained, either in the Philippines or the United States during his medical training, that this was the standard of care that was required. He testified that he consults with a surgeon only if the surgeon requests such consultation.

Dr. Barrow testified he does not practice in this way, he was not trained in this way, and he would consult with a primary care physician only in unusual circumstances. Dr. Barrow is an experienced orthopedic surgeon, who has been trained to treat and operate on people who have diabetes. He performs 40-50 operations per month and has done so for over 15 years. Fifty percent of his patients have diabetes, and he is trained, experienced, and competent to monitor their diabetic condition and decide when surgery has a green or red light. Notably, Dr. Barrow obtained lab results before and after surgery that suggested Plaintiff's diabetic condition was controlled sufficiently. Dr. Barrow never requested a consult with Dr. Sim and Dr. Sim was not the physician who referred Plaintiff to Dr. Barrow. This was done by Dr. Morton, who was a podiatrist with the VA.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW~** 3

Dr. Barrow also testified that in his opinion, the blood glucose level is a more important factor for surgeons to consider, rather than the A1C, which is the numbers that Dr. Sim had obtained. Plaintiff's blood glucose level was closely monitored by the hospital where the surgery was performed both before and after the surgery. The level stayed between the 200-300 level, but then spiked dramatically higher after Plaintiff left the hospital.

Dr. Oakley, one of the United States' experts, testified he was not trained to perform the acts suggested by Plaintiff, does not practice in this manner, and does not recognize this standard of care. Dr. Ledgerwood, another of the United States' experts, also testified that he practices in the same manner as described above by Dr. Sim, that is, he would consult with a surgeon only if the surgeon requests such consultation.

Dr. Leo, Plaintiff's expert, testified to a more aspirational standard of care—one that mirrors Plaintiffs' arguments regarding the scope of Dr. Sim's duty—but he did not testify that he himself was taught that care during his medical training or that he teaches that standard of care while he trains residents and interns, and there is no evidence that he practices this standard of care. Notably, Plaintiff was unable to provide any text, treatise, policy, or practice to support Dr. Leo's opinion. Dr. Leo's own hospital, where he is the chief medical officer, does not follow the standard of care that he suggests exists. Consequently, Dr. Leo's testimony was of an advocate, rather than an expert.

In conclusion, while Dr. Sim has a statutory duty to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time of primary care physicians, the scope of that duty did not require Dr. Sim to caution Plaintiff or Dr. Barrow against having the surgery performed or to de-authorize the VA's referral to Dr. Barrow. Because Dr. Sim did not violate any duty of care owed to Plaintiff, Plaintiff has failed to meet an essential element of his tort claim, and judgment in favor of Defendant is appropriate.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW~ 4**

Accordingly, **IT IS HEREBY ORDERED**:

1. All pending motions are denied as moot.
2. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 28th day of May 2019.



Stanley A. Bastian
United States District Judge

**FINDINGS OF FACT AND CONCLUSIONS OF LAW~ 5**